UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Mark Hagerman, | Case No.: 2:24-cv-01645-GMN-MDC |
| Plaintiffs, | **ORDER** |
| v. | |
| NDOC Medical, et al., | |
| Defendants. | |

This action began with a pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a state prisoner. The plaintiff has submitted an application to proceed *in forma pauperis*. (ECF No. 6.) Based on the financial information provided, the Court finds that Plaintiff is unable to prepay the full filing fee in this matter.

The Court entered a screening order on July 2, 2025. (ECF No. 8.) The screening order imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. (ECF Nos. 8, 11.) At the scheduled time for the mediation, however, the plaintiff refused to participate. (ECF No. 12.) Meanwhile, all other parties—including the mediator, a courtroom administrator, defense counsel, the HDSP warden, and the NDOC tort claims manager—were present and ready to proceed. (*See id.*) The plaintiff then filed a motion asking to re-set the mediation because prison officials took his personal property and he was not "able to properly prepare." (ECF No. 13.)

The Court denies the plaintiff's motion. The plaintiff had nearly two months to prepare for mediation after it was set. If the plaintiff felt that he needed more time for whatever reason, then he should have raised that issue either to the mediator or the Court before mediation occurred, or at the mediation itself. (*See* ECF No. 11 at 3 (order setting mediation, providing that "[a]ny request to be excused from attending the mediation must be made in writing to the mediator at least a week prior to the mediation").) Instead, the plaintiff simply refused to appear. It requires significant time and resources to set and hold mediations through the inmate early mediation program, and it would not be an efficient use of those limited resources to schedule a second mediation in this case. So

this case will proceed on the normal litigation track, though the parties are free to engage in settlement discussions on their own.

**IT IS ORDERED** that:

1. The plaintiff's motion to re-set a mediation conference (ECF No. 13) is **DENIED**.

2. The plaintiff's application to proceed *in forma pauperis* (ECF No. 6) is **GRANTED**. The plaintiff shall not be required to pay an initial installment of the filing fee. In the event that this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

3. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.

4. Under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **Mark Hagerman, #1093533** to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will **SEND** a copy of this order (1) to the Finance Division of the Clerk's Office and (2) to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

5. The Clerk of the Court shall electronically **SERVE** a copy of this order and a copy of the plaintiff's complaint (ECF No. 9) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

6. Service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

7. Subject to the findings of the screening order (ECF No. 8), within 21 days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and the plaintiff of: (a) the names of the defendants for whom

it accepts service; (b) the names of the defendants for whom it does not accept service; and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office must attempt to obtain and provide the last known physical address(es).

8. If service cannot be accepted for any of the named defendant(s), the plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) the Attorney General's Office has not provided last-known-address information, the plaintiff shall provide the full name and address for the defendant(s).

9. If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint (ECF No. 9) within sixty (60) days from the date of this order.

10. The plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion or other document submitted for consideration by the Court. If the plaintiff electronically files a document with the Court's electronic-filing system, no certificate of service is required. Fed. R. Civ. P. 5(d)(1)(B); Nev. Loc. R. IC 4-1(b); Nev. Loc. R. 5-1. However, if the plaintiff mails the document to the Court, the plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may

disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service when required.

11. This case is no longer stayed.

DATED: October 6, 2025

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

4